**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Billy Tedder, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 8:09-cv-03067-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Sgt Johnson; Margrett Bell; Warden Anthony Padula; and Director John Ozmint, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report"), [Doc. 54], filed on February 23, 2012, recommending that Defendant Sgt. Johnson's ("Johnson") Motion for Summary Judgment,[1] [Doc. 48], regarding Plaintiff's claim of cruel and unusual punishment in violation of the Eighth Amendment, U.S. Const. amend. VIII, brought under 42 U.S.C. § 1983, be granted.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court

---

[1] Defendants Margrett Bell, Warden Anthony Padula, and Director John Ozmint were not named as Defendants in Plaintiff's First Amended Complaint [Doc. 38-1].

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff filed objections to the Magistrate Judge's Report. [Doc. 55]. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report herein without a recitation.

The Magistrate Judge's Report recommends that Johnson's Motion for Summary Judgment be granted because the Magistrate Judge found that Plaintiff failed to demonstrate a genuine issue of fact with regard to the exhaustion of his administrative remedies. The Magistrate Judge reasoned that Plaintiff failed to demonstrate that a material fact existed as to whether he understood the grievance process because Plaintiff had complied with the grievance process in the past with respect to previous grievances. Further, the Magistrate Judge noted the Affidavit of Catherine James ("James"), [Doc. 11], a grievance coordinator at Lee Correctional Institution, stating that James told Plaintiff that he could file a grievance after his disciplinary charge was resolved. The Magistrate Judge also noted that the response printed on Plaintiff's grievance stated that Plaintiff could file a grievance after his disciplinary hearing.

Plaintiff objects to the recommendation of the Magistrate. Specifically, Plaintiff objects that Plaintiff's assertions in his Affidavit, [Doc. 50-2], that he is illiterate and that he was told by the head grievance officer that his "grievance was done," are sufficient to create a genuine issue of material fact as to whether Plaintiff's alleged illiteracy prevented him from understanding the grievance process and thereby excused his failure to exhaust his administrative remedies. The court agrees that Plaintiff has established a genuine issue of material fact as to his exhaustion of administrative remedies; however, Plaintiff's claim fails on other grounds.

Plaintiff's First Amended Complaint alleges that "the actions of [Johnson] in using physical force against Plaintiff without need or provocation, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution." [Doc. 38-1]. The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. Cruel and unusual punishments may include the use of excessive force. *Hudson v. McMillan*, 503 U.S. 1, 4 (1992).

"[T]he core judicial inquiry [for excessive force claims] is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). There are several relevant factors to consider in determining whether constitutionally excessive force was used. These include "the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted" on the prisoner, the level of threat "to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response."

*Whitley*, 475 U.S. at 321. (internal citations omitted). The court may draw inferences "as to whether the use of force could plausibly have been thought necessary." *Id.*

Applying the *Whitley* factors to the facts of this case, the court finds that, in viewing the facts in the light most favorable to Plaintiff, the record is insufficient to establish a violation of Plaintiff's Eighth Amendment rights. The record indicates that Plaintiff was not cooperative with Johnson's directives. Plaintiff states in his Affidavit, [Doc. 50-2], that Johnson indicated to Plaintiff three times that Plaintiff could not enter the gate, but each time, Plaintiff continued to respond by telling Johnson that he had permission to go through the gate. Johnson states in his Affidavit, [Doc. 48-2], that the use of force was necessary to "restore order, prevent possible unrest among the inmates who were in a close proximity and observing the scene, and protect the safety of [Johnson], other inmates, and [Plaintiff]." [Doc 48-2 at 8]; *see Whitley*, 475 U.S. at 320-21 (noting that a claimant must meet a heavy burden to satisfy the subjective component of an excessive force claim by proving that officers applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline). Additionally, Johnson avers, and Plaintiff does not dispute, that Johnson administered only a small amount of chemical munitions to Plaintiff.     After extensive review of the Magistrate Judge's Report and Recommendation and the record in this case, the court hereby adopts the facts and summary judgment standard as outlined in the Magistrate Judge's report; however, the court respectfully rejects the Report to the extent that it recommends that summary judgment should be granted based on Plaintiff's alleged failure to exhaust his administrative remedies. The court finds that Plaintiff has failed to demonstrate sufficient evidence from which a reasonable jury could conclude that

Johnson acted maliciously and sadistically in applying force in regaining control during the incident and Johnson is entitled to summary judgment as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Defendant Sgt. Johnson's Motion for Summary Judgment [Doc. 32] be **GRANTED**. Defendants Margrett Bell, Warden Anthony Padula, and Director John Ozmint are hereby **DISMISSED** from this action as they were not named as Defendants in Plaintiff's First Amended Complaint [38-1].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 19, 2012
Greenville, South Carolina